Denio, Ch. J., (dissenting.)
The defendants’ liability depends upon the character in which they held the property at *369 the time of its destruction by fire. If their possession was that of common carriers, they were insurers' against loss by an accidental fire, that loss not being embraced in the two well-known exceptions to a carrier’s liability; but if the leather was only stored with them, they were not liable except for actual negligence, which was not pretended.
The facts that the defendants kept a storehouse, and that the goods were deposited in it when burned, are not conclusive in their favor; for if such deposit and storage were only incidental to the performance of an undertaking entered into by them to carry the goods their possession was that of common carriers. That point was decided in Blossom v. Griffin (3 Kern., 569), in an action against the same defendants, to recover for the loss of goods consumed by the same fire, in which the plaintiffs prevailed. But in that case the defendants received and stored the goods under a contract with the owners to carry them to New York by their line of canal boats. They received and placed them in store for their own convenience, to enable them to perform their contract as common carriers. We considered that they held them in that character from the time they first obtained the possession. So in Hyde v. The Trent and Mersey Navigation Company (5 Term, 389), where the placing in store occurred at the other terminus of the transit, from which store they were to be taken in carts to the residence of the consignees. The goods having been destroyed while in the store by an accidental fire, the carriers contended that they were only warehousemen'; but the judges were strongly of the opinion (though the decision eventually turned on another point), that, as the defendants received the goods in the capacity of carriers, and as the engagement was to carry and deliver them to the consignee, the goods remained in their custody as carriers the whole time.
In the present case, there is no evidence that the defendants undertook to carry these' goods on the canal, or to carry them at all. If their boats had been the only means of carrying by water east from Buffalo, or if, by the course of their business, they forwarded goods which had been taken into their store *370 house only by their own boats, a presumption would have arisen, from their receiving them from the steamer into the storehouse, that they had contracted, not merely to store and forward them, but to store and carry them. No such inference, however, can arise, where their habit of business was to forward by the first boats going east which would take them. If the fire had not occurred, it is just as probable that they would be sent forward by other lines as that they would be sent by their own. Suppose they had been sent by another line, the defendants never would have been carriers of the property at all, and yet they would have performed their whole duty respecting the goods. When they were placed in their store, they were certainly warehousemen; and whether they would ever hold any other relation to them, depended upon other facts, to take place afterwards; namely, whether they would have boats of their own ready to take them before an opportunity to send them by other boats should arise. Until this should be determined by their loading them on board their own boats, or distinctly contracting to do so, I think they were not chargeable with any other duties or responsibilities than those which beldng to forwarders and keepers of a storehouse.
Stress has been laid upon the circumstance that the memoranda attached to the bill of lading do not in terms contemplate a storage anywhere, until the leather should reach Albany. The price which the shipper was willing to pay for the canal transportation is mentioned, but nothing is said about charges for storage. Still, if the plaintiff contemplated that they should be carried forward by canal, as he certainly did, he expected that the usual incidents of such a transportation would take place. We assume that the nature of the business rendered it necessary, or at least convenient and proper, that the goods should be put into a storehouse at Buffalo, in order to be laden from thence into a canal boat. The statement that the goods'were to be in the care of the defendants at Buffalo, was an intimation that they were to attend to that service if necessary to be done. In the absence of proof to the con *371 trary, we are to intend that the plaintiffs were acquainted with the nature of the defendants’ employment, and their general course of business. If they knew that, they were aware that the defendants would forward them by the first convenient opportunity, whether by their own or by other boats. They cannot, therefore, be considered as tendering to the defendants the possession of the goods, to be carried only by them. They must be understood as placing them in the defendants’ hands to be dealt with according to the usual course of business at that point, and not necessarily as carriers on the canal.
I am, therefore, of opinion that there was no error in the ' judgment of the Supreme Court, and that it should be affirmed.
Gould and Allen, Js., concurred.
Judgment reversed, and new trial ordered.
*373 CASES DETERMINED IN THE COURT OF APPEALS OZ1 THE STATE OF YORK, Deceniber Term, 1863.